No. 84-154

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

THE STATE OF MONTANA,

        Plaintiff and Respondent,

    -vs-

BERNARD JAMES FITZPATRICK,

        Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Big Horn,
               The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

            Stephens & Cole; Robert L. Stephens, Jr. argued,
            Billings, Montana
            Timothy K. Ford, Seattle, Washington

    For Respondent:

            Hon. Mike Greely, Attorney General, Helena, Montana
            John H. Maynard argued, Asst. Atty. General, Helena
            Lance Pedersen, County Attorney, Hardin, Montana

Submitted:   June 20, 1984

Decided:   July 25, 1984

Filed: JUL 25 1984

_____
                Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Petitioner, Bernard J. Fitzpatrick was convicted in 1978 of deliberate homicide, robbery and aggravated kidnapping. After exhausting his state appellate and post-conviction remedies, petitioner was remanded to District Court for sentencing. (A detailed account of Fitzpatrick's court proceedings may be found at Fitzpatrick v. State (Mont. 1983), 671 P.2d 1, 40 St.Rep. 1598.) On December 8, 1983, petitioner was sentenced to die pursuant to Montana's death statute, section 46-19-103, MCA. Petitioner objected on the grounds that the statute, which had been presented to the 1983 Montana Legislature as Senate Bill 394, is an unconstitutional bill of attainder. The objection was overruled and this appeal followed.

Bills of attainder are " . . . legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial . . .." U.S. v. Lovett (1946), 328 U.S. 303, 315-316, 66 S.Ct. 1073, 1079, 90 L.Ed. 1252, 1259. Bills of attainder are unconstitutional. See U.S. Const. Art. I, §9, cl.3 and Mont. Const. Art. II, §30.

The adoption of Senate Bill 394 resulted in three amendments to section 46-19-103, MCA.

> 1. It provided an optional provision for death by lethal injection at the election of the defendant in addition to the previously mandated death by hanging.
>
> 2. It changed the place of execution from the county in which the defendant was convicted to the state prison, and provided that the prison warden, rather than the county sheriff, is responsible for the supervision of an execution.
>
> 3. It provided that the act applies to death sentences whenever pronounced, whether before or after the effective date of the act.

Petitioner contends that the statute inflicts punishment on him without benefit of a trial by (1) legislatively creating an additional form of punishment for homicide - death by lethal injection; and (2) depriving him of the opportunity to pursue his claim that hanging is a cruel and unusual punishment. We find no merit to either contention.

Death by lethal injection is not a legislatively created punishment. The punishment is the sentence of death. Petitioner's punishment was pronounced by a District Court judge following a trial and numerous other court proceedings. Hanging and lethal injection are merely alternate methods for imposing that punishment.

When South Carolina replaced death by hanging with death by electrocution, Joe Malloy objected to his sentence of death by electrocution on the basis that the new statute was ex post facto legislation with respect to his offense. The United States Supreme Court disagreed stating, "(t)he statute under consideration did not change the penalty - death - for murder, but only the mode of producing this . . .." Malloy v. South Carolina (1915), 237 U.S. 180, 185, 35 S.Ct. 507, 509, 59 L.Ed. 905, 907. Although Malloy involved ex post facto legislation, its rationale is applicable here as both ex post facto law and bills of attainder involve "legislative denunciation and condemnation of an individual" or specific group, either prospectively or retroactively. Z. Chafee Jr., Three Human Rights in the Constitution of 1787, pp. 92-93 (1956).

Turning to the second contention, petitioner has already pursued his claim that hanging is a cruel and unusual punishment. Our rejection of that claim can be found at Fitzpatrick v. State (Mont. 1981), 638 P.2d 1002, 1011, 38 St.Rep. 1448, 1456-1457. Further, nothing in the statute

3

prevents the pursuance of such a claim (with respect to either mode of punishment).

For the reasons set forth in this opinion, we hold that section 46-19-103, MCA is not a bill of attainder and affirm the District Court's denial of Fitzpatrick's petition.

_____
Justice

We concur:

_____
Chief Justice

_____
_____
_____
_____
Justices

_____
Honorable Gordon R. Bennett
sitting for
Justice John C. Sheehy